IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAUSE OF ACTION INSTITUTE<br>1875 Eye Street, N.W., Suite 800<br>Washington, D.C. 20006,<br><br>      Plaintiff,<br><br>      v.<br><br>NATIONAL OCEANIC AND<br>ATMOSPHERIC ADMINISTRATION<br>United States Department of Commerce<br>1401 Constitution Avenue, N.W., Room 5128<br>Washington, D.C. 20230,<br><br>      Defendant. | Civil Action No. 19-1927 |

## COMPLAINT

1. Plaintiff Cause of Action Institute ("CoA Institute") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking access to records maintained by Defendant National Oceanic and Atmospheric Administration ("NOAA"), by and through its various components, offices, and related entities, including the National Marine Fisheries Service ("NMFS"), the NMFS Greater Atlantic Regional Fisheries Office ("GARFO"), and the New England Fishery Management Council ("NEFMC").

2. The FOIA request at issue seeks records concerning the approval of a controversial fishery management plan amendment that, if implemented, would impose burdensome costs on the regulated industry to fund a discretionary supplemental at-sea monitoring program. *See Government Officials Ignore Public Comment, Create New Financial Burden on Fishermen*, Cause of Action Inst. (Jan. 8, 2019), https://coainst.org/2SIAxeN.

3. To date, NOAA has failed to provide a final determination on CoA Institute's FOIA request. Although it has issued two interim responses, the agency has not made any further progress. By failing to provide a timely determination, NOAA has withheld records to which CoA Institute has a right and that serve the public interest in transparent and accountable government.

## JURISDICTION AND VENUE

4. Jurisdiction is asserted pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

5. Venue is proper pursuant to 28 U.S.C. § 1391(e) and 5 U.S.C. § 552(a)(4)(B).

## PARTIES

6. Plaintiff CoA Institute is a 501(c)(3) non-profit strategic oversight group committed to ensuring that government decision-making is open, honest, and fair. In carrying out its mission, CoA Institute uses various investigative and legal tools to educate the public about the importance of government transparency and accountability. CoA Institute regularly requests access under the FOIA to the public records of federal agencies, entities, and offices—including NOAA—and it disseminates its findings, analysis, and commentary to the public.

7. Defendant NOAA is an agency within the meaning of 5 U.S.C. § 552(f)(1). NOAA, by and through its various components, offices, and affiliated entities, has possession, custody, or control of records to which CoA Institute seeks access and that are the subject of this Complaint.

## FACTS

**I. The New England Industry-Funded Monitoring Omnibus Amendment**

8. In September 2018, the NEFMC, in coordination with NMFS, sought secretarial approval of a controversial regulatory measure known as the New England Industry-Funded Monitoring Omnibus Amendment ("Omnibus Amendment"). NMFS published a "notice of availability" and solicited public comment on the Omnibus Amendment in the *Federal Register*.

*See* Magnuson-Stevens Fishery Conservation and Management Act Provisions; Fisheries of the Northeastern United States; Industry-Funded Monitoring, 83 Fed. Reg. 47,326 (Sept. 19, 2018).

9. The Omnibus Amendment, if implemented, would impose a new financial burden on fishermen by mandating that they pay for at-sea monitoring in the Atlantic herring fishery. *See, e.g.*, *CoA Institute Highlights Deficiencies in Proposed Rule to Shift Burdensome Costs of At-Sea Monitoring to Commercial Fishermen*, Cause of Action Inst. (Dec. 11, 2018), https://coainst.org/2SFor5o. The Omnibus Amendment also would create a standardized process for introducing similar costly monitoring requirements in other New England fisheries. *See id.*

10. In November 2018, but before any approval decision was issued by the Secretary of Commerce on the legality of the Omnibus Amendment, *see* 16 U.S.C. § 1854(a)(1)–(3), NMFS proposed implementing regulations in the *Federal Register* and again solicited public comment. *See* Magnuson-Stevens Fishery Conservation and Management Act Provisions; Fisheries of the Northeastern United States; Industry-Funded Monitoring, 83 Fed. Reg. 55,665 (Nov. 7, 2018).

11. In a letter, dated December 18, 2018, Michael Pentony, Regional Administrator for GARFO, advised the NEFMC that "the Secretary of Commerce" had "approved the [Omnibus Amendment], including all management measures recommended by the Council[.]" Ex. 1. Yet this letter was not published in the *Federal Register*, nor did it address any of the concerns raised during the first comment period following the "notice of availability."

12. Administrator Pentony's letter highlights the infirmity that any final rule implementing the Omnibus Amendment may suffer: Not only were implementing regulations proposed *before* the Omnibus Amendment was certified by the Secretary as consistent with federal law, but that approval decision appears to have failed to consider "information, views, and comments received from interested persons[.]" 16 U.S.C. § 1854(a)(2)(A).

13. On February 12, 2019, CoA Institute sought clarification from the Secretary of Commerce, requesting that he publicly confirm his approval of the Omnibus Amendment and publish official responses to the issues raised during the comment period that followed publication of the September 2018 notice of availability. These comments should have been addressed by NOAA before implementing regulations were ever published. *See CoA Institute Sends Letter to Secretary Ross Requesting Public Confirmation of Controversial Fishery Regulation*, Cause of Action Inst. (Feb. 14, 2019), https://coainst.org/2SLHfnu. To date, CoA Institute's request for clarification has gone unanswered.

## II. CoA Institute's FOIA Request

14. By letter dated January 7, 2019, CoA Institute submitted a FOIA request to NOAA seeking access to the following categories of records:

1. All records reflecting the Secretary of Commerce's approval of the [Omnibus Amendment], including all related correspondence between the Department of Commerce (*e.g.*, Office of the Secretary) and NOAA.

2. All records reflecting NOAA's formal consideration and response(s) to issues raised in public comments on the agency's September 19, 2018 notice of availability for the Omnibus Amendment.

3. All correspondence (including e-mail, text/instant messages, *etc.*) concerning final approval of the Omnibus Amendment, and/or the December 18, 2018 letter from Administrator Pentony, sent or received by any GARFO employee and the following individuals:

   - Any member or employee of the [NEFMC];

   - Any member or employee of the Mid-Atlantic Fishery Management Council;

   - Any member or employee of the Atlantic States Marine Fisheries Commission;

   - Any official or employee of the Northeast Fisheries Science Center; and,

   - Any employee or representative of (i) A.I.S., Inc.; (ii) East West Technical Services, LLC; (iii) Fathom Research, LLC; or, (iv) MRAG Americas, Inc.

    4. All correspondence (including e-mail, text/instant messages, *etc.*) between and amongst members and/or staff of the [NEFMC] concerning the final approval of the Omnibus Amendment and/or the December 18, 2018 letter from Administrator Pentony.

Ex. 2.

15. CoA Institute identified the time period for its request as "September 19, 2018 to the present," and it defined the term "present" as "the date on which the agency begins it search for responsive records." *Id.* at 1 & 1 n.5.

16. CoA Institute explained that "'NOAA,'" as used in the request, "should be interpreted to include all relevant agency bureaus, components, and sub-offices, including the [NMFS] and GARFO." *Id.* at 2 n.6.

17. For purposes of its request, CoA Institute also defined the term "record" as "the entirety of the record any portion of which contains responsive information." *Id.* at 1 n.5.

18. CoA Institute requested a public interest fee waiver and classification as a representative of the news media for fee purposes. *Id.* at 2–4.

19. By letter, dated February 4, 2019, NOAA acknowledged that it had received CoA Institute's FOIA request on January 31, 2019 and assigned it tracking number DOC-NOAA-2019-000481. *See* Ex. 3.

20. NOAA granted CoA Institute's request for a public interest fee waiver because the requested records were "likely to significantly contribute to public understanding of the operations or activities of the Government[.]" *Id.* at 1.

21. Citing "unusual circumstances" and the need to collect records from "field facilities or other establishments," NOAA extended its response deadline by ten working days. *Id.* at 2.

22. By letter, dated March 21, 2019, NOAA provided its "first interim release," which consisted of twenty-eight responsive records that were released without redaction. *See* Ex. 4.

23. By letter, dated June 21, 2019, NOAA provided its "second interim release," which consisted of eight records that were released without redaction. *See* Ex. 5.

24. To date, NOAA has failed to provide any further update on the processing of CoA Institute's request and it has neither issued another interim or final determination nor has it produced any additional responsive records.

## COUNT I
### Violation of the FOIA: Failure to Comply with Statutory Requirements

25. CoA Institute repeats all of the above paragraphs.

26. The FOIA requires an agency to accept and process any request for access to agency records that (a) "reasonably describes such records," and (b) "is made in accordance with published rules stating the time, place, fees, . . . and procedures to be followed[.]" 5 U.S.C. § 552(a)(3)(A).

27. The FOIA also requires an agency to respond to valid requests within twenty (20) business days or, in "unusual circumstances," within thirty (30) business days. *Id.* § 552(a)(6)(A)–(B). If an agency requires additional time to process a request, the FOIA mandates that the agency provide the requester "an opportunity to arrange with the agency an alternative time frame for processing the request[.]" *Id.* § 552(a)(6)(B)(ii).

28. The FOIA request at issue in this case seeks access to agency records, reasonably describes the records sought, and otherwise complies with the FOIA and applicable regulations.

29. Defendant has failed to issue its final determination on CoA Institute's FOIA request within the applicable time limits.

30. Defendant also has failed to comply with the FOIA in that it never "arrange[d] . . . alternative time frame[s]" for responding to CoA Institute's request, has not recently provided a revised estimated date of completion, has not invited CoA Institute to negotiate "alternative" response deadlines, and has not sought clarification on the scope of CoA Institute's FOIA request.

31.     CoA Institute has fully exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C) with respect to the FOIA request at issue.

## **RELIEF REQUESTED**

WHEREFORE, CoA Institute respectfully requests and prays that this Court:

a.     Order Defendant to process CoA Institute's FOIA request and issue a final determination within twenty (20) business days of the date of the Order;

b.     Order Defendant to produce all responsive records promptly upon issuing its final determination;

c.     Maintain jurisdiction over this case until Defendant complies with the Order and, if applicable, adequately justifies its search and treatment of all responsive records;

d.     Award CoA Institute its costs and reasonable attorney fees incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

e.     Grant such other relief as the Court may deem just and proper.

Dated: June 27, 2019                                             Respectfully submitted,

*/s/ Ryan P. Mulvey*
Ryan P. Mulvey
D.C. Bar No. 1024362
Lee A. Steven
D.C. Bar No. 468543

CAUSE OF ACTION INSTITUTE
1875 Eye Street, N.W., Suite 800
Washington, D.C. 20006
Telephone: (202) 499-4232
Facsimile: (202) 330-5842
ryan.mulvey@causeofaction.org
lee.steven@causeofaction.org

*Counsel for Plaintiff CoA Institute*